TERRELL, Justice.
We are confronted with an appeal from an order denying a motion to quash and granting a motion for peremptory writ of mandamus, despite the return wherein the Board of Public Instruction of Charlotte County, hereinafter referred to as the Board, seeks to coerce Homer L. Jones as superintendent of Public Instruction to execute a contract with Leon R. Luckenback as supervisor-principal of Charlotte High School for the school term 1953-1954.
The question presented involves the interpretation of certain sections of the School 'Code, particularly Sections 230.23 (7) (c), 230.33(7) (c) and 230.43(1), Florida Statutes 1949, F,S.A. The intent and purpose of these statutes was fully discussed in Bradshaw v. Pinkston, Fla., 53 So.2d 525. Further discussion of them for the purpose of this case becomes unnecessary.
The controversy for solution turns on the proposition of whether or not the superintendent of Public Instruction made an affirmative recommendation to trustees or the Board to fill the position of supervising principal for Charlotte High School for the school term 1953-1954 within the time required by the statute, Section 230.33(7) (c).
When such nomination is made the law requires the Board to employ the person so nominated unless they see fit to reject him for cause. The parties are in disagreement as to whether or not the nomination was made. In issuing the peremptory writ notwithstanding the return, the trial court held in effect that no affirmative nomination was made by the trustees or the Board within the time required by law. Appellant contends that since he recommended that Luckenback not be appointed and later nominated another, he met the requirements of the law.
It is conclusive that the Board could not act on an adverse recommendation and *321 we construe the holding of the trial court to mean that no recommendation was made by the trustees or the superintendent as the law requires. In such a situation the Board was authorized to appoint a principal. A recommendation against some one leaves the field open for the Board to appoint. There must be an affirmative recommendation as required by law. Bradshaw v. Pinkston, Fla., 53 So.2d 525 concludes the point.
The judgment appealed from is therefore affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.