ALLEN, Chief Judge.
The appellant, Maxwell, is the Superintendent of Public Instruction of Broward County and appeals from an order and judgment in mandamus which required him to issue a continuing contract to one Paige Harper, as principal of Olsen Junior High School in Broward County. The alternative writ was issued upon the petition of the Board of Public Instruction of Broward County, Florida.
Paige Harper had served continuously for three years as principal of Olsen Junior High School, but not under a continuing contract. If reappointed to this position he was entitled to a continuing contract, unless the Board of Public Instruction required an additional probationary year.
The trial judge wrote a very informative opinion in this case. To elucidate the ques- *313 tlons of law involved herein, we can do no better than quote the following from his opinion:
“It is the duty of the Superintendent to recommend a person for the position of principal. F.S.A. § 230.33(7) (c). It is the duty of the Board to act upon the Superintendent’s recommendations according to a certain time schedule. F.S.A. § 230.23(5) (a) and (c). In the event the Superintendent fails to make recommendations or nominations within the time prescribed, the Board may proceed to appoint upon its own motion. F.S.A. § 230.23(5) (c). The Board in appointing may reject the Superintendent’s recommendation only for good cause and, when a rejection is made for good cause, a second and if necessary a third recommendation shall be requested from the Superintendent and, if made within a reasonable time as prescribed by the Board, shall be considered. If the Superintendent fails to make the nominations as requested or if the three recommendations are properly rejected, the Board may proceed to appoint on its own motion. F.S.A. § 231.35. Principals during the first three years of their service are appointed via contracts specifying definite terms of service and obtain no vested right to reappointment. F.S.A. § 230.23(5) (f). It may be fairly said that during such period they are on probation. When a principal has served three years and is reappointed for the fourth successive year, he is entitled to a continuing contract, provided, that the three year preliminary period may be extended to four years when prescribed by the Board. F.S.A. § 231.36. Finally, the Superintendent is enjoined to cooperate with the Board in every manner practical to the end that the school system may continuously be improved. F.S.A. § 230.33(15). Likewise, the Board is enjoined to cooperate with the Superintendent. F. S.A. § 230.23(15).”
Each member of the instructional and administrative staff in a county school system that is not operating under a special or general act with stated population application, who holds a regular certificate based on graduation from a standard four year college, has completed three years of service in a county of the State, and has been reappointed in the county for the fourth successive year, must be issued a continuing contract in such form as is prescribed by regulations of the state board. However, the period of service may be extended to four years when prescribed by the county board and agreed to in writing by the employee. 29 Fla.Jur. Schools § 91, p. 110.
Personal feelings, as too often appear in cases involving the schools, and also numerous questions have complicated this case which basically is not complicated. We deem it necessary to pass only on the single question of whether it was necessary under the facts in this case to afford the county superintendent an opportunity to make a third recommendation.
Under the law, the superintendent did not have to nominate Paige Harper, who had served three years as a principal of the Olsen Junior High School. If, however, Paige Harper was nominated, he was entitled to a continuing contract unless the Board of Public Instruction recommended a fourth year of probation, and the principal agreed to the same. This was within the jurisdiction of the school board and not of the superintendent. However, the superintendent recommended Paige Harper for reappointment as principal but with a fourth year of probation. The school board rejected this proffer. A second recommendation was made by the superintendent, changed only slightly, but having the same effect that Paige Harper would be recommended only if he was placed on probation. The superintendent was requested to make a third recommendation. With reference to this third recommendation the minutes of the school board show that the superintendent stated:
*314 “I think I stated my position the other day: I don’t see that it has changed any. I believe the action of the meeting the other day stands and at this point I don’t see that we can proceed much further with this item at this time.”
The board, upon receiving the statement from the superintendent, then proceeded to appoint Paige Harper as the principal of Olsen Junior High School with a continuing contract.
We again quote from the court’s opinion:
“ * * * The Court deems the Superintendent’s point that he was not given a reasonable opportunity to make a third recommendation to be specious and it is implicit that he was adamant in his position upon all three key occasions to the effect that he recommended Paige Harper only if an additional year of probation was imposed.”
We believe that the decision of the lower court should be affirmed upon the authority of Jones v. State ex rel. Board of Public Instruction of Charlotte County, Fla.1953, 67 So.2d 320. A mandamus action was brought by the Board of Public Instruction of Charlotte County and others to compel the county superintendent to execute a contract of employment with a person appointed by the County Board of Public Instruction as Supervising Principal of Charlotte High School for the school term of 1953-1954. The circuit court entered judgment in favor of the Board of Public Instruction. The Supreme Court, in an opinion by Mr. Justice Terrell, held that the County Board of Public Instruction had authority to appoint the principal of the high school where affirmative recommendation to fill such position had not been made by the county superintendent. The Supreme Court, in its opinion, said:
“The controversy for solution turns on the proposition of whether or not the superintendent of Public Instruction made an affirmative recommendation to trustees or the Board to fill the position of supervising principal for Charlotte High School for the school term 1953-1954 within the time required by the statute. Section 230.33 (7) (c).
“When such nomination is made the law requires the Board to employ the person so nominated unless they see fit to reject him for cause. The parties are in disagreement as to whether or not the nomination was made. In issuing the peremptory writ notwithstanding the return, the trial court held in effect that no affirmative nomination was made by the trustees or the Board within the time required by law. Appellant contends that since he recommended that Luckenback not be appointed and later nominated another, he met the requirements of the law.
“It is conclusive that the Board could not act on an adverse recommendation and we construe the holding of the trial court to mean that no recommendation was made by the trustees or the superintendent as the law requires. In such a situation the Board was authorized to appoint a principal. A recommendation against some one leaves the field open for the Board to appoint. There must be an affirmative recommendation as required by law. Bradshaw v. Pinkston, Fla., 53 So.2d 525, concludes the point.”
We are of the opinion from the record in this case that each of the two recommendations made by the county superintendent were qualified to the extent that he was recommending the nomination of Paige Harper as principal only if the Board would place him on probation for a fourth year, and when the Board refused, the superintendent was requested to make a third recommendation and he stated that his position had not changed any and what he had done on the previous day stood. The lower court, we think, correctly concluded that he had been given an oppor *315 tunity to make a third recommendation and refused.
We conclude that the lower court was correct and so we affirm his actions.
Affirmed.
SHANNON, J., and SANDLER, HARRY N., Associate Judge, concur.